IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ELAM MAY, JR.                                                               PETITIONER
ADC #128856

V.                                      NO. 5:05CV00287 JMM/JWC

LARRY NORRIS, Director,                                          RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Elam May, Jr., an Arkansas Department of Correction (ADC) inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry #2), challenging a Missouri detainer. For the reasons that follow, Petitioner's claims are moot and the petition should be dismissed.

On February 21, 2003, officials in Pemiscot County, Missouri (34th Judicial District), charged Petitioner with one count of first degree robbery and one count of armed criminal action. A warrant was issued on April 9, 2003. (Resp't Ex. A-1 & B-2.)  On July 14, 2003, Petitioner was convicted in Arkansas of aggravated robbery, and he was sentenced to fifteen years in the ADC. On October 1, 2003, the ADC received a request from Pemiscot County officials to lodge a detainer against Petitioner for the pending Missouri charges. (Resp't Ex. B.)  ADC officials prepared and processed the requisite forms under the Interstate Agreement on Detainers (IAD). (Resp't Ex. C.) See Ark. Code Ann. § 16-95-101 (2006); V.A.M.S. § 217.490 (2004). The forms notified Petitioner of the pending

2

Missouri charges and advised him that he had the right to request final disposition of them. The notice further advised him that, if he made such a request, "[y]ou shall then be brought to trial within 180 days, unless extended pursuant to provision of the Agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said Agreement."  (Resp't Ex. C-3 & C-4.)  On October 15, 2003, Petitioner requested final disposition of the Missouri charges by notifying the Pemiscot County prosecuting attorney.  (Resp't Ex. C-5 to C-9, D.)

Under the IAD, when a proper request for final disposition of untried charges is made, the prisoner "shall be brought to trial within one hundred eighty days," subject to continuances for good cause shown in open court.  IAD, art. III(a).  If the prisoner is not brought to trial within the applicable statutory period, the IAD requires that the charges be dismissed with prejudice.  Id., art. V(c).  See New York v. Hill, 528 U.S. 110, 111-12 (2000).

According to the docket sheet in Petitioner's Pemiscot County Circuit Court case (Resp't Ex. A), Petitioner filed a motion on May 3, 2004, seeking to dismiss the charges against him.  On August 18, 2004, he filed a second motion, and, on July 25, 2005, he filed a third.  The docket sheet does not reflect a court ruling on any of these motions.

On October 7, 2005, Petitioner filed a petition for writ of mandamus in the Pemiscot County Circuit Court, again seeking final disposition of the pending charges or, alternatively, dismissal of the charges and removal of the detainer.  He has attached a copy of his mandamus petition to the federal habeas petition here (docket entry #2).  On October 31, 2005, the state of Missouri moved to nolle prosequi the charges at issue.  The

same day, the warrant was "recalled/withdrawn" and both charges were dismissed.  (Resp't Ex. A.)

In this federal habeas petition, docketed here on October 14, 2005, Petitioner alleges that he has been denied the right to a fast and speedy trial on the Missouri charges, in violation of the Sixth Amendment to the United States Constitution.  Although he does not specify the relief sought, the Court presumes that he seeks removal of the Missouri detainer.  In response (docket entry #5), Respondent contends that because the Missouri charges have been dismissed since the filing of the petition, Petitioner's claims are moot.  The Court directed Petitioner to inform the Court if he wished to proceed in light of dismissal of the charges (docket entry #6).  He did not respond, and the time for doing so has expired.

Under Article III, § 2, of the United States Constitution, "the exercise of judicial power depends upon the existence of a case or controversy."  DeFunis v. Odegaard, 416 U.S. 312, 316 (1974).  This means that a petitioner must show that he has suffered, or is threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  If a federal petitioner cannot show an existing case or controversy through all the stages of his litigation, his case becomes moot, depriving the court of its power to act because there is nothing to remedy, even if the court were disposed to do so.  Id. at 18.

Due to the dismissal of the Missouri charges, even if the Court were to rule in Petitioner's favor on this claim, such a holding would have no effect because nothing exists to remedy; therefore, his claims are now moot.  See Beachem v. Schriro, 141 F.3d 1292, 1293-94 (8th Cir. 1998) (challenge to detainer is moot once detainer removed); Kearns v.

4

Turner, 837 F.2d 336, 338 (8th Cir. 1988) (prisoner's challenge to detainer was moot where he had already been transferred and sentenced pursuant to that detainer).

No exception to the mootness doctrine applies.  A claim is "capable of repetition, yet evading review" only where "there is a reasonable expectation that the same complaining party will be subject to the same action again."  Spencer, 523 U.S. at 17.  Here, there is no expectation that Petitioner will face this same situation again or that, if he does, he will be unable to seek relief.  Furthermore, he has failed to demonstrate any continuing collateral consequences from the detainer or dismissed charges.  Beachem, 141 F.3d at 1294 (no collateral consequences presumed or demonstrated from removed detainer).  No other exception is applicable.  See Hohn v. United States, 262 F.3d 811, 817 (8th Cir. 2001) (other exceptions are where the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time, or when a case is a properly certified class action suit), vacated on other grounds, 537 U.S. 801 (2002).

Because Petitioner's claims are now moot, this Court has no jurisdiction to address his challenge to the Missouri detainer.  See id. at 820.  Therefore, this 28 U.S.C. § 2254 petition for writ of habeas corpus should be dismissed in its entirety.

DATED this 8th day of February, 2006.

UNITED STATES MAGISTRATE JUDGE